## Richmond.

GIBSON AND WIFE v. BURGESS.

DECEMBER 9th,. 1886.

Absent,.LEWIS, P.

1. JURISDICTION—*Land—Lex loci rei sitœ.*—It is well settled that the courts of this State are without jurisdiction to sell and convey land situated beyond the limits of the State. *Poindexter* v. *Burwell, ante,* p. 507.

2. CHANCERY PRACTICE—*Accounts—Reports—Credits.*—Where debtor has given negotiable notes as a credit upon a debt, and the notes are not returned to debtor, the master taking the account of the indebtedness should allow debtor credit for those notes.

3. IDEM—*Decrees—Consent.*—Endorsement on a decree by counsel in these words : "Submitted to us,"· is insufficient alone to entitle the decree to be regarded as a consent decree.

Appeal from decree of circuit court of Culpeper county, rendered 7th June, 1883, in the chancery cause of J. C. Gibson and wife against W. W. Burgess.

This decree was in confirmation of a sale made in pursuance of a decree entered in the cause on 9th April, 1880, by the circuit court of Fauquier county, wherein the cause was then pending, to sell in this State a tract of land situated in the State of West Virginia, and conveyed, with other land situated in this State, by said Gibson in trust to secure the purchase money of a tract of 1,215 acres in Orange county. Sale of the trust lands having been advertised by the trustee under the trust deed,

said Gibson obtained an injunction to the sale. An account of the balance due on the purchase was taken, and the report confirmed, and though Gibson excepted to the failure to give him credit for two negotiable notes for $750, which he had given the holder of his bonds for the purchase money, and which notes had never been returned to him, and the decree for the sale of the West Virginia land was entered. From this decree Gibson and wife obtained an appeal and *supersedeas* to this court.

*W. H. Payne, J. C. Gibson* and *James Lyons,* for the appellants.

*W. L. Jeffries* and *John F. Rixey,* for the appellees.

LACY, J., delivered the opinion of the court.

This is an appeal from certain decrees of the circuit court of Culpeper county, rendered in this cause. The first assignment of error is that the circuit court of Culpeper decreed the sale of a tract of land lying in West Virginia, and the sale of the same being effected upon notice published in Culpeper county, and the same being made in said county. That the courts of this State are without authority to sell and convey land beyond the jurisdiction of the State is well settled—too well settled and too recently decided here to require any argument. It is sufficient to cite the opinion of Richardson, Judge, in *Poindexter* v. *Burwell, ante,* p. 507, and the authorities there cited. See also the still more recent case of *Wimer* v. *Wimer, post,* opinion of Hinton, J. For the reasons assigned in these two opinions we are of opinion that the circuit court of Culpeper erred in the decrees complained of, and the same will be reversed and annulled.

Opinion.

The circuit court erred in confirming the report of Master Commissioner Shepherd stating the account of the debt, failing to credit the two negotiable notes given as a credit upon the debt and not returned to the maker; these amount to the sum of $750.20. The commissioner reports the amount of the bond and the amount of these notes, and says the obligor in the one and maker of the others "does not owe both the bond and the notes besides, they should be surrendered to him." But the creditor has a decree for his debt, and the notes remain in his possession, or have been parted with by him. The effect of this is to make the appellant pay these notes twice. In this the decree of the circuit court is erroneous, and the case should be remanded for a new account to be taken of the said debt.

We do not regard the decree at all as a consent decree, because it is endorsed by counsel "submitted to us." All that this means is that the decree has been shown to counsel on the other side. It does not follow that they have not or do not oppose it in every way they can.

The decrees are plainly erroneous, and will be reversed and annulled, and the cause remanded to the circuit court of Culpeper for further proceedings to be had therein in order to a final decree.

DECREES REVERSED.